UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal Action No. 01-0016 (PLF) |
| ) | Civil Action No. 07-0679 (PLF) |
| MELVIN T. KNIGHT, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the Court on defendant's pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[1]  Defendant raises four grounds for review.  In response, the government filed a motion to dismiss defendant's pro se motion to vacate sentence under 28 U.S.C. § 2255, arguing that the one-year statute of limitations under 28 U.S.C. § 2255 expired before defendant filed his motion.  Upon consideration of defendant's and the government's motions and the entire record herein, the Court will deny the motion because it is time-barred under 28 U.S.C. § 2255.

I.  BACKGROUND

On January 18, 2001, defendant Melvin Knight was charged in a two-count indictment with: (1) unlawful distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and (2) unlawful distribution of 50 grams or more of

---

[1] The papers submitted in connection with this motion include: Defendant's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition"); the Government's Motion to Dismiss Defendant's Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("Mot."); Attachment B to the Government's Motion to Dismiss is Melvin Knight's Plea Agreement ("Plea Ag."); and petitioner's Reply.

cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  See United States v. Knight, 157 F.Supp. 70, 71 (D.D.C. 2001).  On September 14, 2001, the defendant entered a conditional plea of guilty to the second count under Rule 11(a)(2) of the Federal Rules of Criminal Procedure.  See Plea Ag. at 2-5.  The Court sentenced the defendant to 120 months imprisonment, with credit for time served, followed by five years of supervised release.  The first count of the indictment was dismissed at sentencing.  Defendant appealed, challenging the Court's refusal to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et. seq.  The court of appeals rejected defendant's argument and affirmed the judgment of conviction on April 22, 2003.  See United States v. Knight, 61 Fed. Appx. 710, 2003 WL 21000928 (D.C. Cir. 2003).

On April 9, 2007, defendant filed a pro se motion under 28 U.S.C. § 2255, raising four grounds on which he asserts his sentence should be vacated, set aside or corrected.  In Ground One, defendant avers that the Court violated Rule 11 of the Federal Rules of Criminal Procedure by "fail[ing] to inform[] the petitioner of the nature and consequences of [his] supervised release term."  Petition at 5-6.  Defendant includes in Ground One his assertions that trial counsel coerced him to plead guilty, constituting ineffective assistance of counsel, and that his distribution charge resulted from police entrapment.  See id.  In Ground Two, defendant contends that his sentence is unlawful and unconstitutional, arguing that the Court "was require[d] to impose a 5 year[] supervised release term within the 10 year[] mandatory minimum sentence . . . ."  Id. at 6-7.  Ground Three consists of defendant's claim that the United States Sentencing Guidelines are unconstitutional because they violate the Double Jeopardy Clause.

See id. at 8-9.  Finally in Ground Four, defendant asserts that his sentence violates the Eighth Amendment.  See id. at 9-10.

In response, the government filed a motion to dismiss defendant's petition.  The government argues that the Court should dismiss defendant's motion because "defendant filed his motion more than two and one half years after the expiration of [the] one-year statute of limitations for § 2255 motions."  Mot. at 6.  In support of this contention, the government asserts that the one-year statute of limitations began running "on July 21, 2003, ninety days after April 22, 2003, the date on which the D.C. Circuit affirmed this Court's judgment" because the time for filing a petition for a writ of certiorari expired and the judgment became final on that day.  Id. at 6-7.  The government further contends that none of the statutory exceptions to the one-year statute of limitations applies to defendant's motion.  See id. at 7.

## II.  DISCUSSION

Under 28 U.S.C. § 2255, there is a one-year statute of limitations that begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  For purposes of collateral review under Section 2255, a judgment becomes final "if a prisoner petitions for certiorari, . . . when the Supreme Court either denies the writ or issues a decision on the merits."  United States v. Hicks, 283 F.3d 380, 387 (D.C. Cir. 2002) (citing Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001)).  If a prisoner does not file a petition for a writ of certiorari, judgment becomes final when the time for filing a petition for a writ of certiorari expires, 90 days after the entry of a judgment or decree.  See Clay v. United States, 537 U.S. 522, 527 (2003); 28 U.S.C. § 2101(c).  Section 2255 permits a prisoner additional time for filing a Section 2255 motion only if one of the exceptions enumerated in Section 2255 is met.  See 28 U.S.C. § 2255.

> Here, defendant's judgment became final on July 21, 2003, 90 days after the court of appeals entered its judgment on April 22, 2003.  See United States v. Knight, 67 Fed.Appx. at 710.  Defendant did not file his Section 2255 motion to vacate, set aside or correct sentence until April 9, 2007, more than two and one half years after his judgment became final.  In addition, defendant did not argue and made no showing that any of the exceptions enumerated in 28 U.S.C. § 2255 applies.  Thus, defendant is time-barred from bringing his Section 2255 motion.  The Court therefore will deny defendant's motion to vacate and will grant the government's motion to dismiss.

Accordingly, it is hereby

ORDERED that defendant's motion [50] to vacate is DENIED; and it is

FURTHER ORDERED that the government's motion [54] to dismiss is GRANTED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 9, 2007